IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| | : | No. 1-09-CR-191 (ODE) |
| v. | : | |
| | : | **UNDER SEAL** |
| STANLEY EDWARD KING | : | |

### GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE FROM THE APPLICABLE SENTENCING GUIDELINES AS TO DEFENDANT STANLEY EDWARD KING

COMES NOW the United States of America, by Sally Quillian Yates, United States Attorney for the Northern District of Georgia, and Cassandra J. Schansman, Assistant United States Attorney, and in accordance with Title 18, United States Code, Section 3553(e) and Section 5K1.1 of the U.S. Sentencing Guidelines, files this motion for a downward departure from the applicable Sentencing Guideline range for defendant Stanley Edward King.

1.

Defendant King is scheduled to be sentenced before this Honorable Court on December 16, 2010. According to King's Presentence Investigation Report ("PSR"), his Total Offense Level is 33, his Criminal History Category is III, and his Sentencing Guideline range is 168-210 months. See PSR, Part D, Sentencing Options. However, pursuant to 21 U.S.C. §§ 841 and 851, King is also subject to a statutory mandatory minimum sentence of 240 months.

2.

In this matter, King, along with three co-defendants, was charged in a two-count criminal indictment with conspiracy to possess with intent to distribute at least 5 kilograms of a mixture and substance containing a detectible amount of cocaine, in violation of 21 U.S.C. Sections 846 and 841(b)(1)(A), and conspiracy to launder drug proceeds in violation of 18 U.S.C. Section 1956(a)(1).  See PSR at ¶¶ 1-3.  King pled guilty before this Honorable Court to Count One of the indictment on March 31, 2010, pursuant to a plea agreement.  Id. at ¶ 5.

3.

King self-surrendered on May 15, 2009, in connection with his involvement regarding the money stash house operated and/or used by Marte de Leon and his co-defendants.  Id. at ¶6.  Agents learned of the stash house, located at 1030 Lendl Lane, Lawrenceville, Georgia, from a cooperating source (CS), Ron Kelty.  Id. at ¶10. Observing heavy vehicle traffic at the stash house, agents began to stop and investigate vehicles leaving the residence, one of which was King's vehicle.  Id. at ¶25.  A drug canine searched the vehicle and alerted to the presence of narcotics; however, none were located and King was released.  Id.  Suspecting drug and money laundering activity at the residence, agents approached the stash house and obtained consent from co-defendant Marte de Leon to conduct a search.  Id. at ¶¶ 26-28.  In total, agents recovered

more than $1 million in drug proceeds.  <u>Id.</u> at ¶29.  Through their
surveillance and debriefings of the CS and Marte de Leon, agents
determined that King was a frequent customer of Marte de Leon, who
operated the stash house, which was used to store proceeds from
drug trafficking activity conducted by King and others.  <u>Id.</u> at
¶18-23.

4.

King was debriefed on July 27, 2009 and again in preparation
for the sentencing hearing of his co-defendant, Santiago Medina.
<u>Id.</u> at ¶ 45-53.  During both debriefings, King was cooperative and
outlined in detail the extent of his drug trafficking activities in
Atlanta with Medina, Marte de Leon, Guzman and in Virginia.

5.

Medina and Marte de Leon plead guilty to drug and money
laundering charges, in part because of King's cooperation.  (Docs.
1, 122, 234).  The information supplied by King during his debriefs
was instrumental to the Government's prosecution, and the
defendants' ensuing pleas.  Indeed, King's information served to
corroborate the information provided by his co-conspirators
regarding each other's involvement.  A successful prosecution would
have been more complex absent King's description of his co-
defendants' respective roles in the criminal activity.

6.

On July 9, 2010, King testified at the sentencing hearing of Santiago Medina, again describing Medina's drug trafficking activity. (Doc. 252-53). King testified in particular about quantities of drugs that he transported on behalf of Medina. Though the binding plea agreement ultimately was rejected by the Court, Medina subsequently entered a guilty plea for the second, time, in part induced by the testimony of King and others at his July 2010 sentencing hearing.

7.

King has also participated in four separate undercover buy/bust operations - two in the Northern District of Georgia and two in the Eastern District of Virginia. Collectively, these operations have resulted in arrests and convictions of ten defendants for Federal cocaine and crack trafficking violations. During the course of these operations, King made recorded telephone calls, conducted undercover meets, and participated in the actual buy/bust operations.

8.

The Government believes that King has provided "substantial assistance" to the government as outlined in this motion. King's substantial assistance would permit this Court to impose a sentence substantially below the suggested Guideline range, and the Government recommends that the Court do so in this case.

9.

The Government recommends specifically a downward departure of thirty percent (30%).  The maximum term of imprisonment for King's offense is life imprisonment, and there is a twenty (20) year mandatory minimum because the Government filed a sentencing enhancement pursuant to 21 U.S.C. § 851.  However, in light of King's cooperation, the Government has agreed to forego the enhanced statutory mandatory minimum sentence as provided for in 21 U.S.C. §§ 841 and 851.  Based upon this, the Government recommends the Court impose a sentence of 168 months in the custody of the Bureau of Prisons, followed by a five-year term of supervised release.  This represents a departure of approximately 30 percent from the statutory minimum sentence of 240 months.

WHEREFORE, the Government respectfully requests that the Court grant this motion for a downward departure from the applicable guideline range for defendant Stanley Edward King.

Respectfully submitted, this 15th day of December, 2010.

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

/s/
CASSANDRA J. SCHANSMAN
ASSISTANT U.S. ATTORNEY
600 Richard Russell Bldg.
75 Spring St., S.W.
Atlanta, GA  30303
404/581-6083
404/581-6181 (fax)
Georgia Bar No. 183184

Approved by:
/s/ Gentry Shelnutt
Chief, Criminal Division

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| | : | No. 1-09-CR-191 (ODE) |
| v. | : | |
| | : | **UNDER SEAL** |
| STANLEY EDWARD KING | : | |

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document electronically and via U.S. Mail to counsel of record.

Howard Jarrett Weintraub
Law Offices of Howard J. Weintraub, P.C.
1355 Peachtree Street, N.E.
Suite 1520
Atlanta, Georgia 30309
weinslaw@aol.com

This ____ day of December, 2010.

/s/ Cassandra J. Schansman
_____
CASSANDRA J. SCHANSMAN
ASSISTANT U.S. ATTORNEY